## No. 9385.

### MIDLAND CASUALTY COMPANY *v.* ANDERSON.

LIFE INSURANCE—*Hazardous Occupations.* That the insured engages in an occupation more hazardous than that in which he is insured, does not entitle the insurer to an abatement of the award, in an action upon the policy, where it appears that the deceased accepted the more hazardous occupation temporarily, had already quitted it without any intention of returning to it, and his death occurred from causes having no relation to the more hazardous calling.

*Error to Ouray District Court, Hon. Thomas J. Black, Judge.*

Mr. JOSEPH D. PENDER, for plaintiff in error.

Mr. MILLARD FAIRLAMB, for defendant in error.

Chief Justice Hill delivered the opinion of the court.

UPON the trial to the court, the defendant in error had judgment for $2,000.00 and interest, being the amount named in an accident insurance policy issued by plaintiff in error to Elmer G. Anderson, deceased, in which his wife, Stella C. was designated as the beneficiary. At the time of the issuance of this policy, Anderson gave his occupation as "ore mine superintendent, supervising only, inside and outside duties."

The policy contains the following provisions:

"If the insured suffers such injury while engaged in any occupation classified by the company as more hazardous than that herein given, the amount payable shall be for such proportion of the indemnity herein provided as the premium paid would purchase at the rate and within the limits fixed by the company for such more hazardous occupation. The insured shall notify the company immediately in writing of any change in his occupation."

Anderson was killed on December 23rd, 1916, when, with a party of others, he was going from Ouray county to Delta, Colorado, to spend Christmas with his family. His death was caused by a snowslide, and at which time he was not in the employ of any one. The plaintiff in error contends that upon account of the non-forfeitable provisions above set forth, the judgment should have been for $500.00 only, for the reason that prior to his death the deceased had changed his occupation from that of mine superintendent to a timberman, which it is agreed is a more hazardous risk. The court found, that the usual occupation, the life work or business of the deceased, was that of mine superintendent; that temporarily and for a few weeks preceding the accident, he had worked as a timberman; that on December the 22nd, 1916, the day be-

fore the accident, he quit such temporary employment, without intention of resuming the same, but with the intention of engaging in his usual occupation, that of mine superintendent, when he returned to work; that at the time of the accident, he had no occupation or employment in which he was actually engaged. There is abundant testimony to sustain this conclusion. The testimony of the manager of the company for whom the deceased had been temporarily working up to December the 22nd, discloses that on December 23rd, the day on which deceased met his death, he was not in the employ of the company; that for a few weeks prior to December 23rd, he had been working as a timberman; that it was thoroughly understood that such employment was temporary, and that he was given that employment in order that he might be held by the company so that he could, in a short time, resume the position of a mine superintendent, which was his usual occupation. There is other testimony to justify the finding that the defendant's real business was that of a mine superintendent. Had the accident, which was the cause of his death, happened when he was employed as a timberman, it would present a different question, and might come within the language in the policy relied upon, which reads: "If the insured suffers such injury while engaged in any occupation classified by the company as more hazardous than that herein given." When this accident happened, the deceased was not engaged as a timberman, the more hazardous risk, that was not his business, and he had no intentions of becoming thus engaged in the future, for which reasons we cannot agree that the plaintiff in error should only be holding for the smaller amount, because the deceased had theretofore temporarily been engaged in the more hazardous risk, when, as heretofore stated, it had nothing to do with the cause of his death, and when he had ceased to be thus engaged, and had no intention of again performing such labors. The reasoning in *Pacific Life Co. v. Van Fleet,* 47 Colo. 401, 107 Pac. 1087, in a way supports this conclusion. Perceiving no prejudicial error, the application for supersedeas will be denied and the judgment affirmed.

*Supersedeas denied; judgment affirmed.*

Decision *en banc.*

Mr. Justice Garrigues not participating.